Filed 4/23/14  P. v. Taylor CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GEORGE TAYLOR,<br><br>    Defendant and Appellant. | H039140<br>(Monterey County<br> Super. Ct. No. SS102340) |

**STATEMENT OF THE CASE**

An information charged defendant George Taylor with felony elder abuse (Pen. Code, § 368, subd. (b)(1)).  The information alleged that the crime occurred "[o]n or about May 2010."  A jury acquitted defendant of felony elder abuse, and it instead convicted him of the lesser included offense of misdemeanor elder abuse (Pen. Code, § 368, subd. (c)).  The trial court suspended imposition of sentence, and it placed defendant on probation for two years.

Defendant now appeals from the judgment of conviction.  He contends that reversal is required because the trial court erroneously excluded 30 photographs that he sought to admit into evidence.  Specifically, he asserts that the photographs were "relevant and critical to the defense" because they showed that he "treated [the victim] well."  As set forth below, we conclude that the trial court did not err in deeming the photographs irrelevant and inadmissible.  We accordingly will affirm.

*Background*

Defendant moved to admit 30 photographs into evidence. The trial court described the photographs as "8 by 10 color photographs" depicting "the victim having a good time with [defendant] on various trips." The court ruled that the photographs were irrelevant and thus inadmissible. The court explained that "[a] photo in time is not relevant to the questions presented here." The court then asked whether defendant wanted to present any argument on the issue. Defendant did not present any argument regarding the admissibility of the photographs.

*Standard of Review*

An appellate court "applies the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence." (*People v. Waidla* (2000) 22 Cal.4th 690, 717.) Thus, the appellate court "examines for abuse of discretion a decision on admissibility that turns on the relevance of the evidence in question." (*Ibid.*)

*Analysis*

"Only relevant evidence is admissible." (*People v. Brady* (2010) 50 Cal.4th 547, 558.) Evidence is relevant if it has "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.)

"It is the burden of the proponent of evidence to establish its relevance through an offer of proof . . . ." (*People v. Schmies* (1996) 44 Cal.App.4th 38, 51.) "An offer of proof should give the trial court an opportunity to change or clarify its ruling and in the event of appeal would provide the reviewing court with the means of determining error

---

[1] The facts of the case are irrelevant to our resolution of the issue presented on appeal. We therefore will not summarize the facts.

and assessing prejudice.  [Citation.].  To accomplish these purposes an offer of proof must be specific."  (*Id.* at p. 53.)

Here, defendant failed to make an offer of proof regarding the relevance of the photographs.  He never explained how the photographs tended to disprove his commission of elder abuse.  He never demonstrated that the photographs were taken during the time period when the charged abuse occurred.  Indeed, when the trial court invited defendant to present an argument on the relevance of the photographs, he made no argument at all.  This court may reverse the judgment against defendant only if the "relevance of the excluded evidence was made known to the [trial] court."  (Evid. Code, § 354, subd. (a); see also *People v. Vines* (2011) 51 Cal.4th 830, 868-869 (*Vines*).)  Because defendant failed to make an offer of proof describing the purported relevance of the photographs, he is not entitled to relief on appeal.  (See *Vines, supra,* 51 Cal.4th at p. 869 [finding no error in exclusion of defense evidence where there was no offer of proof]; see also *People v. Eid* (1994) 31 Cal.App.4th 114, 126 ["Failure to make an adequate offer of proof precludes consideration of the alleged error on appeal.].)

Moreover, we do not see any relevance in the photographs.  In his opening brief, defendant asserts that the vacation photographs were relevant because they demonstrated that he treated the victim well.  Even if we assumed that the photographs constituted evidence that defendant had treated the victim well, we could not conclude that the photographs were relevant.  Defendant never established when the photographs were taken.  The fact that defendant treated the victim well at an unknown point in time in no way suggests that he did not commit the charged elder abuse in May 2010.  As the trial court aptly noted, a "photo in time" was not relevant to the issue of defendant's guilt or innocence on the elder abuse charge.  We accordingly conclude that the trial court did not abuse its discretion in excluding the photographs as irrelevant.  (See *People v. Babbitt* (1988) 45 Cal.3d 660, 681 [a trial court "has no discretion to admit irrelevant evidence"];

3

see also *People v. Morrison* (2004) 34 Cal.4th 698, 711 [evidence is irrelevant "if it leads only to speculative inferences"].)

**DISPOSITION**

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.